

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Austin, Texas

Dear Sir:                     Opinion No. O-4152

                              Re: Liability of the State High-
                              way Department of Texas for
                              personal injuries under the
                              facts set forth.

        Your letter of October 17, 1941, requesting an
opinion of this department, recites the following:

        "Recently, while working for a County
Commissioner, one of our men was rather
seriously hurt.

        "The circumstances under which he was
working were as follows:

        "The County Commissioner asked our
resident engineer if he could use the man
for a few days to help him operate a county
shovel and teach one of the County men to
operate it, after which the injured man was
to return to work for the Department. This
employment with the County was to last only
a few days.

        "Upon instruction of our resident engi-
neer the employee agreed to work for the
County for the few days and in a conference
among the employee, our job superintendent,
our resident engineer, and the County Com-
missioner, it was agreed that the employee
was to be dropped from the Department's pay
roll where he was making $150.00 per month
and was to be paid by the County at the
rate of $1.00 per hour. After working some

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

four or five days, he had actually been on
the County pay roll fifty-one hours, he
received this injury while repairing the
shovel, which was doing work on a County
project on a County road under the direc-
tion of the County Commissioner."

Under the foregoing facts, you wish to be advised
whether or not there is any liability on the part of the Texas
State Highway Department and whether you have authority to
assume liability and pay benefits under the Compensation Act
applicable to the State Highway Department.

By the Acts of 1937, 45th Legislature, Chapter 502,
certain provisions of the Workmen's Compensation Law were adopt-
ed whereby the State Highway Department of Texas was authorized
to become self-insuring, with compensation benefits payable to
injured employees in accordance with the provisions of the Act.
This Statute, containing Sections 1 through 20 is incorporated
in Vernon's Annotated Civil Statutes as Article 6674s.  Sub-
section 2 of Section 2 thereof provides:

"'Employee' shall mean every person in
the service of the State Highway Department
under any appointment or expressed contract
of hire, oral or written, whose name appears
upon the pay roll of the State Highway De-
partment, except officials appointed by the
Governor with the advice and consent of the
Senate, except clerical and office employees
not required by their duties to travel or
work away from their office, and except all
positions for which itemized appropriations
are made by the Legislature. No person in
the service of the State Highway Department
who is paid on a piecework basis, or on any
basis other than by the hour, day, week,
month, or year, shall be considered an em-
ployee and entitled to compensation under
the terms and provisions of this Act.
* * *."

Section 4 of said Act, provides:

"If an employee of the Department sus-
tains an injury in the course of his employ-
ment, he shall be paid compensation by the
Department, as hereinafter provided.

Section 7 of the Act provides that the term "injury in the course of his employment" shall be defined as in Section 1, Article 8309, Revised Civil Statutes of Texas, 1925, which definition, excepting certain injuries, provides that the term shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere.

From the facts above stated, it is clear that the injured party was not an employee within the provisions of the Act mentioned at the time of his injury. He was engaged in operating or repairing county equipment used on county projects or roads and being on the county pay roll at the time. He was not in the service of the State Highway Department at the time he was injured nor engaged in or about the furtherance of the affairs or business of the State Highway Department.

It is well settled by the authorities in this State that the location, designation, construction and maintenance of State highways by the State Highway Department is a governmental function. Buchanan vs. State, 89 S. W. (2d) 239; Robbins vs. Limestone County, 268 S. W. 315; Heathman vs. Singletary, (Tex. Com. App.) 12 S. W. (2d) 150; Brooks vs. State, 68 S. W. (2d) 534; Martin vs. State, 88 S. W. (2d) 131.

Also it is well settled that the State is not liable in damages for personal injuries received through the negligence or careless acts of its officials, agents or employees, unless it shall by legislative act assume such liability and consent to be so liable. Brooks vs. State and Martin vs. State, supra; State vs. McKinney, (Tex. Civ. App.) 76 S. W. (2d) 556; 59 C. J. pp. 194-196; Annotations in 13 A. L. R. pp. 1276-1281 and 42 A. L. R. pp. 1492, 1493.

The authorities cited in the last two paragraphs above set forth are on the general proposition of liability. Under the provisions of Article 6674s however the Legislature assumed liability for such Highway Department employees injured in accordance with the provisions of the Act. Under its provisions, neither the State Highway Department nor its officials, servants or agents have any authority to waive or disregard any portion thereof by assuming liability for injuries outside the scope of employment.

Honorable D. C. Greer, Page 4

It is, therefore, the opinion of this department that the State Highway Department is not liable nor does the Department have authority to assume liability and pay benefits under the provisions of Article 6674s, Vernon's Annotated Civil Statutes, under the facts set forth.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WJRK:RS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN